**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4266**

───────────────

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

ANTHONY MEYERS,

> Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Senior District Judge.  (2:20-cr-00007-JPJ-PMS-1)

───────────────

Submitted:  October 3, 2022                                        Decided:  October 21, 2022

───────────────

Before KING and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Juval O. Scott, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Meyers pleaded guilty to being an inmate in possession of a prohibited object, in violation of 18 U.S.C. § 1791(a)(2), (d)(1)(B). The district court imposed an upward variant sentence of 42 months' imprisonment. On appeal, Meyers argues that his sentence is procedurally and substantively unreasonable. We affirm.

We review a sentence, "'whether inside, just outside, or significantly outside the [Sentencing] Guidelines range[,] under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review requires an examination of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id.* at 49-51.

"[A] district court's explanation should provide some indication that the court considered the § 3553(a) factors and applied them to the particular defendant." *United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir.) (cleaned up), *cert. denied*, 141 S. Ct. 687 (2020). Although a district court must "address or consider" the parties' nonfrivolous arguments for imposing a different sentence, "this admonition focuses on the whole of a defendant's argument and does not require the court to address every argument a defendant makes." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (cleaned up). We will not simply "tally up the number of distinguishable arguments a defendant mentioned in the

district court and then comb the sentencing transcript for proof the district court mentioned each one by name." *Id.*

Meyers argues that the district court failed to sufficiently consider and address his nonfrivolous mitigation arguments. Our review of the record confirms that the district court properly calculated the Guidelines range of 27 to 33 months' imprisonment, engaged with both parties' arguments, and based the sentence on the § 3553(a) factors. Although Meyers argued that his above-Guidelines range sentence created a sentencing disparity between himself and similarly situated defendants, the district court rejected that argument, finding that an upward variant sentence was warranted particularly because of Meyers' history of possessing weapons in prison. We therefore conclude that Meyers' sentence is procedurally reasonable.

If we find "no significant procedural error, [we] then consider[] the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (cleaned up). "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 176 (cleaned up).

"Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Nance*, 957 F.3d at 215. "That said, district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors, and the fact that a

3

variance sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Id.* (cleaned up). "Instead, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted).

As to the substantive reasonableness of his sentence, Meyers argues that the district court failed to explain why a lower sentence was not sufficient to satisfy the § 3553(a) factors. Meyers emphasizes that he did not, for instance, use the weapon to threaten or attack anyone. However, the district court thoroughly explained why it believed a 42-month sentence was necessary under the § 3553(a) factors. The district court recognized that Meyers had a difficult childhood and that his criminal history score may have overstated his past criminal conduct. The court stressed that this offense marked Meyers' sixth time possessing weapons in custody over a six-year period, and that a significant sentence was necessary to deter Meyers from engaging in further similar conduct. Relatedly, the district court found it necessary to impose a sentence that generally deterred inmates from possessing weapons in prison, which the court saw as posing a serious risk to both inmates and staff. In light of the district court's considered explanation, we defer to its determination that the § 3553(a) factors, taken as a whole, justified Meyers' sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*